UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT SHORT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Case No. 1:13-cv-047 SNLJ |
| | ) |
| NATIONAL ASSET RECOVERY SERVICES, INC., | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this matter against defendant National Asset Recovery Services, Inc. ("NARS"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Missouri Minimum Wage Laws, R.S. Mo. § 290.500, et seq. ("MMWL"). Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (#8), stating that the Court should dismiss Counts II, IV, and V to the extent they seek the recovery of wages beyond two years from the date of the complaint. The motion has been fully briefed and is now ripe for disposition.

**I.    Background**

According to the complaint, defendant NARS specializes in "consumer loan servicing for securitized, non-securitized, prime, non/near prime and distressed asset portfolios." (Cmplt. ¶ 1.) Plaintiff worked as an advisor for NARS and alleges that NARS required him to perform certain work duties such as starting up his computer, reviewing memoranda, and other tasks before and after clocking in. Plaintiff alleges that NARS failed to compensate him and other employees for all the work they perform, and he brings his case on behalf of himself and on behalf of all similarly-situated individuals. Count I is for violations of the FLSA. Count II is for unjust

enrichment.  Count III is for failure to pay earned wages and overtime pursuant to the MMWL.  Count IV is for quantum meruit.  Count V is for breach of contract.

Plaintiff's claims are for both regular, or "straight time," wages and overtime wages.  Overtime wages are paid for hours worked in excess of 40 hours per week, and the wage paid for overtime must be not less than one and one-half times the employee's regular rate.  R.S.Mo. § 290.505(1).  As discussed further below, case law distinguishes between straight time and overtime wages for statute of limitations purposes.  *See, e.g.*, R.S.Mo. § 516.140.  Defendant NARS moves to dismiss Counts II, IV, and V, pursuant to Federal Rule of Civil Procedure 12(b)(6), to the extent those counts seek relief beyond the two-year statute of limitations stated in R.S.Mo. § 290.527.

## II.   Discussion

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "The possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir.2011) (quoting Jessie v. Potter, 516 F.3d 709, 713 n. 2 (8th Cir.2008)), *quoted in Trapp v. O. Lee, LLC*, --- F. Supp. 3d ---, 4:12CV717 CDP, 2013 WL 171812, *2,(E.D. Mo. Jan. 16, 2013).

Here, defendant contends plaintiff's Counts related to unjust enrichment, quantum meruit, and breach of contract are subject to the two-year statute of limitations set forth in the Missouri Statutes Chapter 290, which is titled "Wages, Hours and Dismissal Rights."  The pertinent section — part of the "Minimum Wage Law" — states as follows:

2

> 290.527. Action for underpayment of wages, employee may bring--limitation
>
> Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. The employee may bring any legal action necessary to collect the claim. Any agreement between the employee and the employer to work for less than the wage rate shall be no defense to the action. *All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action.*

R.S.Mo. § 290.527 (emphasis added).  Defendant argues that the two-year limitation set forth in § 290.527 applies to any claims involving wages, including common-law claims such as those in Counts II, IV, and V.  Plaintiff contends that the common law contract-based claims are governed by the five-year statute of limitations to the extent they involve claims for "straight time" wages. *See* R.S.Mo. § 516.120(1) ("Within five years...[a]ll actions upon contracts, obligations or liabilities, express or implied").  Notably, yet another statute — R.S.Mo. § 516.140 — explicitly states that actions for "unpaid minimum wages" or "unpaid overtime compensation" are subject to a two-year statute of limitation.  Defendant's argument is that § 290.527 applies a two-year statute of limitation to *all* wage claims.

Defendant's argument has been raised before in this Court.  *See Trapp*, --- F. Supp. 3d ---, 2013 WL 171812, *2; *Davenport v. Charter Comms*., 4:12cv7 AGF, 2013 WL 992328 (E.D. Mo. Mar. 13, 2013).  Plaintiffs in those cases similarly brought FLSA, MMWL, quantum meruit, breach of contract, and unjust enrichment claims against their employers seeking damages for straight time and overtime wages.  The court in *Trapp* analyzed the three statutes and held as follows:

> Although the two-year limitations period in § 516.140 applies to Trapp's claims seeking overtime pay for breach of contract, quantum meruit, and unjust enrichment, the five-year statute of § 516.120 applies to the claims insofar as those claims seek recovery of regular or straight time wages. The two-year statute of limitations in § 290.527 does not apply because it applies only to claims arising

3

under the [Missouri Minimum Wage Law] for an employee who is paid less wages than required by §§ 290.500 to 290.530. The last sentence of § 290.527 creates a two-year statute of limitations for "[a]ll actions for the collection of any deficiency in wages." Despite its broad language, this sentence must be read in the context of § 290.527 as a whole, which explicitly limits its application to actions arising under §§ 290.500 to 290.530.

*Trapp*, --- F. Supp. 3d ---, 2013 WL 171812, at *2. The reasoning in *Trapp* was thereafter adopted in the *Davenport* case. *Davenport*, 2013 WL 992328, at *2. *See also Banks v. Ameren UE,* 4:05CV477 JCH, 2005 WL 2176927 (E.D. Mo. Sep. 8, 2005) (holding that §290.527 did not apply because it is "the statute of limitations for unpaid *minimum* wages") (emphasis in original); *Nobles v. State Farm Mutual Automobile Insurance Company,* No. 2:10CV4175 NKL, 2011 WL 5563444 (W.D. Mo. Nov. 15, 2011) (applying the five-year statute of limitations of §516.140 to plaintiffs' unjust enrichment claim concerning non-overtime wages). Defendant's arguments regarding statutory construction have already been addressed by this Court in *Trapp*. This Court agrees with the analysis in *Trapp* and will not accept defendant's invitation to depart from that line of reasoning.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#8) is **DENIED**.

Dated this ___8th___ day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE